◆AO 440 (Rev 8/01) Summons in a Civil Action

JUDGE BUCHWALD

# UNITED STATES DISTRICT COURT

SOUTHERN District of New York

ABRAHAM STEFANSKY

V.

CHURCHILL CORPORATE SERVICES, INC.
and SHMUEL M. BREE

**SUMMONS IN A CIVIL ACTION**

**10 CIV 1728**

CASE NUMBER:

TO: (Name and address of Defendant)

Chuchill Corporate Services, Inc.
56 Utter Avenue
Hawthorne, New Jersey 07506

Shmuel M. Bree
5 Country Club Lane
Monsey, New York 10952

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 0 4 2010

CLERK

(By) DEPUTY CLERK

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ABRAHAM STEFANSKY,

                Plaintiff,

-against-

CHURCHILL CORPORATE SERVICES, INC. and
SHMUEL E. BREE,

                Defendants.

-----------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

JUDGE BUCHWALD

10 CIV 1728

Plaintiff, by his attorneys, Jaroslawicz & Jaros LLC, complaining of the defendants alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a citizen of the State of Illinois.

2. At all times hereinafter mentioned, the defendant Churchill Corporate Services, Inc. ("Churchill") was a foreign corporation, duly organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

3. At all times hereinafter mentioned, the defendant Churchill co-owned a motor vehicle bearing New Jersey state license plate number YYD 87M.

4. At all times hereinafter mentioned, the defendant Shmuel M. Bree ("Bree") is a citizen of the State of New York.

5. At all times hereinafter mentioned, the defendant Bree co-owned the aforementioned vehicle.

6. At all times hereinafter mentioned, the defendant Bree was operating the aforementioned vehicle.

7. At all times hereinafter mentioned, the defendant Bree was operating the aforementioned vehicle in the scope of his employment and for the defendant Churchill's business

## *JURISDICTION AND VENUE*

8. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

9. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

10. Venue is properly placed in the United States District Court for the Southern District of New York since defendant Bree resides here, the defendant Churchill has designated New York as its county, plaintiff has been hospitalized at the Hospital for Special Surgery in New York following the date of the accident, witnesses are located here, and this is the most convenient place for the trial of this action.

## *THE UNDERLYING FACTS*

11. At all times hereinafter mentioned, Clove Road was and is a public thoroughfare in the municipality of Montague, County of Sussex in New Jersey.

12. On or about September 11, 2009, the defendant Bree was operating the aforementioned vehicle.

13. At all times hereinafter mentioned, plaintiff was a passenger in the defendants' vehicle.

14. Due to the defendants' recklessness, carelessness and negligence, the defendants' vehicle left the roadway, as a result of which plaintiff was caused to suffer severe and permanent personal injuries.

15. Plaintiff in this action has suffered serious injuries as defined by the No-Fault Insurance Law of the State of New York.

16. That plaintiff in this action is not seeking to recover any monies which are paid or should be paid through No-Fault Insurance.

17. If the plaintiff executes a release in this action, plaintiff does not intend to release any claims by any insurance carrier for any monies paid for no-fault benefits or any claims for subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under No-Fault.

18. The amounts sought herein exceed the jurisdiction of the lower courts.

### *AS AND FOR A FIRST CLAIM FOR RELIEF*

19. The defendants were reckless, careless and negligent in operating their vehicle at an excessive rate of speed based upon the conditions then and there existing; in failing to make proper use of brakes, horns and other devices; in causing the vehicle to leave the roadway; in failing to see what should be seen; in violating applicable laws, rules and regulations; and defendants were otherwise reckless, careless and negligent.

20. As a result of the defendants' negligence, plaintiff suffered severe and permanent personal injuries to his face; loss of several teeth; severe injury to right leg, including fracture of the tibia and fibula, requiring approximately five surgeries to date; plaintiff required extensive hospitalization and upon and information is still hospitalized at Hospital for Special Surgery;

plaintiff will require hospital and medical care in the future, including possible future surgery; plaintiff will require extensive rehabilitation; extreme pain and suffering; mental anguish and distress; plaintiff required skin grafting; cosmetic deformity; unable to attend to his usual duties and vocation; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

21. By reason of the foregoing, defendants are jointly and severally liable pursuant to the exceptions set forth in the CPLR.

22. By reason of the foregoing, plaintiff is entitled to recover all of his injuries from the defendants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff(s)
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz (DJ-6931)

*Law Offices of*
JAROSLAWICZ & JAROS, LLC

---

10 Civ.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM STEFANSKY,

        Plaintiff,

-against-

CHURCHILL CORPORATE SERVICES, INC. and
SHMUEL E. BREE,

        Defendants.

---

### *Summons & Complaint*
### *Jury Trial Demanded*

---

LAW OFFICES OF
JAROSLAWICZ & JAROS, LLC
225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007
(212) 227-2780