UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABRAHAM STEFANSKY,

                    Plaintiffs,                    10 Civ. 1728 (NRB)

       -against-

CHURCHILL CORPORATE SERVICES, INC.
and SHMUEL E. BREE,

                    Defendants.
------------------------------------------------------------X

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO PRECLUDE BETZALEL BREE
AS A WITNESS FOR THE PLAINTIFF

JAROSLAWICZ & JAROS, LLC
ATTORNEYS FOR PLAINTIFF
225 Broadway
New York, N.Y. 10007
(212) 227-2780

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABRAHAM STEFANSKY,                         1:10-cv.01728 (NRB)

                 Plaintiff,           PLAINTFF'S OPPOSITION
    -against-                          MEMORANDUM OF LAW
                                          TO DEFENDANTS' MOTION
CHURCHILL CORPORATE SERVICES,
INC. and SHMUEL E. BREE,

                 Defendants.
------------------------------------------------------------X

### PLAINTIFF SHOULD BE PERMITTED TO CALL BETZALEL BREE AS A WITNESS AT TRIAL ON THE ISSUE OF ACCESS TO PLAINTIFF'S COMPUTER AND FACEBOOK ACCOUNT

Defendant's Motion in Limine to preclude plaintiff from calling Betzalel Bree as a witness at the time of trial because the name of the witness was not included in a discovery response should be denied. The defendants' motion was served May 16, 2011. The witness is Betzalel Bree. He is the brother of the defendant. The defense knew that Mr. Stefansky had come to New York to visit the defendant, the defendant's brother and the Bree family. The defendant never contacted counsel or wrote to inquire for what purpose the witness would be called after receipt of the name and address on May 9, 2011. Yet, defense counsel has already concluded that no remedy other than preclusion will suffice.

Plaintiff's offer of proof on this issue is:

The plaintiff testified that he did not have his laptop computer with him at the time of the accident, but the computer was brought to him at the hospital by someone who visited. The plaintiff does not know if it was brought to Morristown, NJ prior to his transfer to the Hospital for Special Services in New York City on February 16, 2010 or

after. At the time of the accident tit is believed that the computer was at at the Bree residence, but the plaintiff does not know who brought it to him after the accident. The witness will be called to testify as to that issue and the issue of who had access to this computer, if the Facebook account and contents becomes an issue at trial. He is therefore in essence, a rebuttal witness, as the plaintiff will not be offering any evidence from the Facebook account. The plaintiff and defendant have reserved their rights to make motions regarding this subject and the plaintiff's objections to evidence are to be filed on May 24, 2011 and will include an objection to the designation of Yehuda Frischman as a witness. An objection will be also be filed to Exhibit 11 designated by the defendants which is alleged to be 3 pages downloaded from the plaintiff's Facebook page.

The defendants apparently claim that Yehuda Frischman downloaded these pages. Mr. Frischman was omitted from any discovery response by the defendants. Plaintiff's counsel wrote to defense counsel on May 13, 2011, immediately after receiving the proposal by the defense to call Yehuda Frischman as a witness and learned he was a Facebook foundation witness. Plaintiff then notified defense counsel of an intention to ask permission to amend the Pre-Trial order to include Moshe Bree, defendant's other brother as a witness on this issue. See Exhibit 5.

The Defense has access to the witness and has or could have spoken to him already. The motion should be denied because the failure to previously disclose the witness is harmless to defendants. The plaintiff requests the Court exercise discretion and permit the amendment of the response *nunc pro tunc*. The defendants knew or should have known that the plaintiff had visited with and stayed with the witness and the entire family prior to the accident.

2

Prior to making this motion, the defendants never inquired into the subject matter for which the witness is offered. If the defense really desired a deposition it could already have been held – it is they who have access to the witness not the plaintiff. The claim that a deposition would be futile rings hollow.

Failure to comply with Federal Rules of Civil Procedure 37(c) and Rule 26 (3)(A) may result in preclusion of a witness at trial. The plaintiff requests that the Court allow the disclosure of Betzalel Bree on May 9, 2011 (in the proposed pre trial order) and Moshe Bree on May 13, 2011 (Exhibit 5) to be considered supplementation of the previous discovery responses, due to the fact that the Facebook issues are still unresolved.

In *Lesser v. Camp Wildwood, 2003 U.S. Dist. LEXIS 16921 (S.D.N.Y. Sept. 29, 2003)*, the plaintiffs moved to preclude evidence at trial from two witnesses that defendants did not disclose as intended witnesses until day before discovery expired. The court found that defendants' conduct did not rise to the level of flagrant bad faith and callous disregard of the rules, and the court thus declined to impose the drastic remedy of preclusion. Defendants were directed to cure any prejudice to plaintiffs by providing plaintiffs with appropriate information concerning the witnesses, and plaintiffs were given an opportunity to depose the witnesses and other witnesses, by request, if necessary.

The Court in Lesser held that the imposition of sanctions under the Rule 37 is a matter within the trial court's discretion. Further, preclusion of evidence is generally a disfavored action. The preclusion of evidence not disclosed in discovery is a drastic

3

remedy and will apply only in situations where the failure to disclose represents flagrant bad faith and callous disregard of the rules.

Further, the Court in <u>Lesser</u> noted that a violation of the Rule is harmless "when there is no prejudice to the party entitled to the disclosure." quoting *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D.Kan. 1995).  (*See Bey v. City of New York, 2010 U.S. Dist. LEXIS 99645 (S.D.N.Y. Sept. 20, 2010)*, the Court held that "a violation of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.,* 03 Civ. 969, 2006 WL 2381817, at \*2 (S.D.N.Y. Aug. 16, 2006) (internal quotation marks and citation omitted); *see also Lesser v. Camp Wildwood, 2003 U.S. Dist. LEXIS 16921 (S.D.N.Y. Sept. 29, 2003)*

Relative to the case at hand, plaintiff's failure to disclose Betzalel Bree as a witness did not rise to the level of flagrant bad faith or callous disregard of the rules. Further, plaintiff's failure to disclose Betzalel Bree is substantially justified by the fact that the Court addressed allowing defendant access to the plaintiff's Facebook account on or about May 5, 2011. The defendants were always aware of Betzalel's acquaintance with the plaintiff .

In fact, on November 3, 2010, defendant Shmuel Bree testified as follows:

> Q:   Did your brother Betzalel or Moshe come to visit Mr. Stefansky in the hospital?
>
> A:   I think Betzalel did.
>
> Q:   Did he spend time there?
>
> A:   I think so.
>
> P. 201, line 19 – 23; (Exhibit 4)

4

Even if the defendants did not know who this witness is there is no prejudice to the defense counsel as they have been aware of Betzalel Bree as a potential witness to this matter since defendant Bree's deposition, dated November 3, 2010 and have had access at their convenience.   The reason these witnesses were not earlier disclosed is that the plaintiff does not consider either Betzalel Bree or Moshe Bree to be witnesses on their case in chief.  Rather the defendant is the one likely to have knowledge of witnesses on this issue as it was his friend and co-employee (Yehuda Frischman) who it appears actually downloaded this information.  These are rebuttal witnesses and the plaintiff only recognized that these witnesses may be relevant as the Facebook issue became more focused.  To date the issue remains open as the defense pursues Facebook itself with the subpoena

Further, defense counsel conveniently objects to plaintiff offering Betzalel Bree as a witness due to the fact that he was never identified as a witness during the discovery stage of this matter.  That argument should lead the Court to preclude Yehuda Frischman as well.  Defense counsel in fact, is partaking in the same practice as they, pursuant to their Pre Trial Order delineated that they will intend to call, at the time of trial, Yehuda Frischman. The aforementioned witnesses were never identified as witness by defendant during the discovery stage of this matter.

On May 24, 2010, plaintiff served a First Set of Interrogatories, (attached as Exhibit "2"), wherein plaintiff demanded of defendant to, "state whether the defendant is aware of any witnesses to or anyone who has knowledge of the circumstances of the occurrence alleged in the complaint."

On September 15, 2010, defendant provided a Response (Exhibit "2") to plaintiff's First Set of Interrogatories, alleging that "other than the parties to this lawsuit, defendant is unaware of any witnesses to the circumstances of the occurrence alleged in the complaint. The defense did not include any witnesses at all in the Automatic Disclosures (Exhibit 1) or in the answers to interrogatories, or in the response to the Notice to Produce (Exhibit 3)

Defense counsel failed to amend any of their discovery responses and further failed to provide the names of the abovementioned witnesses until their Pre Trial Order (Exhibit "6"), dated May 11, 2011.

The sanction sought by the defense should not be granted. The failure by plaintiff to include the name and address prior to the service of the proposed pre trial order was justified based upon the ongoing Facebook issue, did not prejudice the defense nor delay the case. The motion should be denied.

Dated: May 23, 2011

Respectfully submitted,

Bradley A. Sacks, Trial Counsel

Jaroslawicz & Jaros, LLC
Attorneys for Plaintiff
225 Broadway – 24th Floor
New York, N.Y. 10007
(212) 227-2780

6

CERTIFICATE OF SERVICE

I hereby certify that a copy of the PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE REGARDING BETZALEL BREE was delivered by Federal Express for Standard Overnight Delivery and Electronic Filing to all counsel of record as indicated on the service list below.

Bradley A. Sacks – Trial Counsel

SERVICE LIST

Stacy I. Manilow, Esq.
Smith, Mazure, Director,
Wilkins, Young & Yagerman, P.C.
111 John Street, 20th Floor
New York, New York 10038 - 3198